**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Thomas McClain, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   13 C 1917 |
| | ) | |
| Zwicker & Associates, P.C., a | ) | |
| Massachusetts corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Thomas McClain, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.    Plaintiff, Thomas McClain ("McClain"), is currently a resident of the State of Michigan, from whom Defendant attempted to collect a delinquent consumer debt owed for a Discover Bank account, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Zwicker & Associates, P.C. ("Zwicker"), is a Massachusetts corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From its offices in Illinois and 20 other states, Defendant Zwicker operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Zwicker was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Zwicker is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant Zwicker conducts business in Illinois.

**FACTUAL ALLEGATIONS**

6.      Mr. McClain is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills.  When Zwicker began trying to collect the Discover Bank debt from Mr. McClain, by sending him a collection letter, dated April 5, 2011, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant Zwicker's collection actions. A copy of Zwicker's April 5, 2011 letter is attached as Exhibit B.

7.      Accordingly, on May 12, 2011, one of Mr. McClain's attorneys at LASPD informed Zwicker, in writing, that Mr. McClain was represented by counsel, and directed Zwicker to cease contacting him, and to cease all further collection activities because Mr. McClain was forced, by his financial circumstances, to refuse to pay his unsecured

2

debts.  Copies of this letter and fax confirmation are attached as Exhibit C.

8.      Nonetheless, Defendant Zwicker sent Mr. McClain a collection letter, dated January 21, 2013, which demanded payment of the Discover Bank debt.  A copy of this collection letter is attached as Exhibit D.

9.      Accordingly, on February 25, 2013, one of Mr. McClain's LASPD attorneys had to write to Defendant Zwicker again to demand that it cease communications and cease collection of the debt.  Copies of this letter and fax confirmation are attached as Exhibit E.

10.     Defendant Zwicker's collection actions complained of herein occurred within one year of the date of this Complaint.

11.     Defendant Zwicker's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

12.     Plaintiff adopts and realleges ¶¶ 1-11.

13.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

14.     Here, the letter from Mr. McClain's, agent/attorney, LASPD, told Defendant Zwicker to cease communications and cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment (Exhibit D),

Defendant Zwicker violated § 1692c(c) of the FDCPA.

15.     Defendant Zwicker's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16.     Plaintiff adopts and realleges ¶¶ 1-11.

17.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

18.     Defendant Zwicker knew that Mr. McClain was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit <u>C</u>), that he was represented by counsel, and had directed Defendant Zwicker to cease directly communicating with him.  By directly sending Mr. McClain the January 21, 2013 letter (Exhibit <u>D</u>), despite being advised that he was represented by counsel, Defendant Zwicker violated § 1692c(a)(2) of the FDCPA.

19.     Defendant Zwicker's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Thomas McClain, prays that this Court:

1.      Find that Defendant Zwicker's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff McClain, and against Defendant

Zwicker, for actual and statutory damages, costs, and reasonable attorneys' fees as

provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Thomas McClain, demands trial by jury.

Thomas McClain,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: March 12, 2013

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com